Maupin, L,
concurring in part and dissenting in part:
I agree that an agreement allowing post-adoption contact between birth parents and the child relinquished for adoption is unenforceable under the circumstances present in this case. I do not agree with the implication that a district court entering an adoption decree may render such an agreement enforceable by incorporation.
The majority rightly states that, while birth parents and adoptive parents may enter into post-adoption contact agreements, the agreements are unenforceable under NRS 127.160. That is to say, there is nothing to prevent the birth and adoptive parents from making an agreement allowing for post-adoption interaction, but there is no legal remedy for breach. My concern lies with the implication that a district court may create enforceability by incorporating the agreement into the formal decree of adoption. This, in my view, likewise violates the public policy statement embodied in NRS 127.160:
Upon the entry of an order of adoption, the child shall become the legal child of the persons adopting him, and they *977 shall become his legal parents with all the rights and duties between them of natural parents and legitimate child. . . . After a decree of adoption is entered, the natural parents of an adopted child shall be relieved of all parental responsibilities for such child, and they shall not exercise or have any rights over such adopted child or his property.
Entry of a decree of adoption completes the process by which the birth parents are relieved and divested of any rights to the relinquished child.[1] Until the Legislature changes this, neither the parties nor a district court have the power to enforce such an agreement.

 See Bopp v. Lino, 110 Nev. 1246, 885 P.2d 559 (1994).